## BLEDSOE v. JOHNSTON, Warden.

### No. 11714.

Circuit Court of Appeals, Ninth Circuit.

Jan. 12, 1948.

Billy Bernard Bledsoe, in pro. per., for appellant.

Frank J. Hennessy U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GARRECHT, DENMAN, and HEALY, Circuit Judges.

PER CURIAM.

Appellant, sentenced to two successive five-year terms of imprisonment in Alcatraz Penitentiary, while there in custody, filed his petition for a writ of habeas corpus against the appellee Warden, which writ was denied. He then perfected his appeal

482

here. Thereafter he was released because of his good conduct.

Appellee contends that appellant is not in his custody and hence the appeal must be dismissed as moot. Appellant cites Anderson v. Corall, 263 U.S. 193, at page 196, 44 S.Ct. 43, 44, 68 L.Ed. 247, in which the Supreme Court stated of 18 U.S.C.A. § 716, "The parole authorized by the statute does not suspend service or operate to shorten the term. While on parole the convict is bound to remain in the legal custody and under the control of the warden until the expiration of the term, less allowance, if any, for good conduct. While this is an amelioration of punishment, it is in legal effect imprisonment. * * *"

It is unnecessary for us to decide whether such "imprisonment" is a custody which, if wrongful, warrants the issuance of the writ of habeas corpus. It is apparent that such custody does not extend over the period of his release due to his good conduct allowance.

Since the appellee Warden no longer has any custody of appellant of any kind, appellant's contention of his wrongful detention is moot and the appeal must be dismissed.